JUSTICE COTTER
concurs.
¶37 I concur in the Court’s decision for the reasons stated therein, and also because of the manner in which the personal injury case was actually presented to the jury. While Moose’s and Vogt now argue that this was a case of negligence, the fact is that the case was presented to *436 the jury by Yarde and his counsel as one of assault and battery. Yarde testified at trial that he was deliberately shoved and grabbed by Vogt and that his leg was intentionally broken. Yarde’s counsel portrayed the incident as one of jealous rage, telling the jury that the bartender stomped on Yarde’s leg and broke it on purpose because of an affair that had occurred between him and Yarde’s ex-wife. Moreover, the jury specifically found that Vogt had assaulted and battered Yarde and had acted with malice, justifying an award of punitive damages. A punitive damages phase of the trial was then conducted.
¶38 It is true that the jury also found Moose’s negligent. However, notably, the sole line on the verdict form providing for an award of compensatory damages was under a negligence caption. Had Essex been involved in the trial of the case as Moose’s insurer, as it may have been had Moose’s and Vogt appealed the adverse coverage decision, it would have been in a position to object to the manner in which the verdict form was presented to the jury. However, Essex was not in the case, having been long since relieved of the obligation to appear and defend, and the time for appeal having expired. Thus, the parties were free to fashion the verdict form as they saw fit, and then free to later allege that the finding of negligence had changed everything. Essex, on the other hand, stood to be bound to its detriment by a jury decision in which it took no part.
¶39 As the Court notes, extraordinary circumstances must be demonstrated to justify the reopening of a matter under Rule 60(b)(6). It must be shown that something prevented the applicants from fully presenting their case, and that notions of fairness and equity call for redress. ¶ 29. Here, no extraordinary circumstances exist. This case was always about an assault and battery, and it was presented to the jury by Yarde and his counsel as such. Fairness does not now require the reopening of a coverage decision that was premised upon facts that were actually later proved at trial.
¶40 I therefore concur.